1  Christopher M. Ledford, Cal. Bar No. 255902
   CLedford@perkinscoie.com
2  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
3  Seattle, WA 98101-3099
   Telephone: 206.359.8000
4  Facsimile: 206.359.9000

5  Marlena M. Moore, Cal. Bar No. 301544
   MMoore@perkinscoie.com
6  PERKINS COIE LLP
   1888 Century Park East, Suite 1700
7  Los Angeles, CA 90067
   Telephone: 310.788.9900
8  Facsimile: 310.788.3399

9  Attorneys for Plaintiff
   The Boeing Company

10

11                 UNITED STATES DISTRICT COURT

12                CENTRAL DISTRICT OF CALIFORNIA

13

14  THE BOEING COMPANY,              | Case No. 8:17-cv-00296-AG (KESx)

15              Plaintiff,           | **STIPULATED PROTECTIVE ORDER; AND [~~PROPOSED~~] ORDER THEREON**

16         v.

17  DESAI-AIRE, INC., dba ABLE
    AEROSPACE ADHESIVES,
18  ALFAKLEEN CHEMICAL LABS,
    INC., PRIVATE BRAND
19  MANUFACTURING, LLC, and DOES
    2-10,
20
                Defendants,
21
    AND RELATED CROSS-ACTIONS.
22

23

24

25

26

27

28

                              -1-

WHEREAS, Plaintiff The Boeing Company, Defendant Desai-Aire, Inc., dba Able Aerospace Adhesives, and Defendant Private Brand Manufacturing, LLC (collectively, "the Parties") each contemplate that discovery in the above-captioned action (the "Action") will involve the exchange of information, and the production of documents and other materials by the Parties, additional defendants who may appear in this action, and third-parties, which may contain information in the nature of personal information, trade secrets, export-controlled information or documents, or information otherwise of a confidential, regulated, or proprietary nature, as described more fully below; and

WHEREAS, in order to establish procedures that would, among other things, protect the Parties from public disclosure of such personal information, trade secrets, export-controlled information or documents, or information otherwise of a confidential, regulated, or proprietary nature that might result in damage to the Parties or to a third-party, the Parties agree to limit the disclosure and dissemination of personal information, trade secrets, export-controlled information or documents, or information otherwise of a confidential, regulated, or proprietary nature that are in the possession, custody, or control of one of the Parties or a third-party, while at the same time allowing the Parties to obtain discovery thereof under the terms and conditions set forth below;

WHEREAS, a protective order will also expedite the flow of discovery materials, protect the integrity of truly confidential or regulated information, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material worthy of protection.

WHEREAS, the Parties hereto have stipulated to the terms and conditions of this Agreed Protective Order (the "Protective Order") through their undersigned counsel;

WHEREAS, this Stipulated Protective Order draws from this Court's "Standing Protective Order," but modifies certain terms to fit the peculiarities of this case;

**IT IS HEREBY ORDERED THAT:**

1.    <u>Scope and Application of Protective Order.</u>  This Protective Order shall govern any document, information or other material that is designated as containing "Confidential Information," "Highly Confidential–Attorney's Eyes Only Information,"  or "Export Controlled Information" as defined herein, and is produced in connection with this litigation by any person or entity (the "producing Party" or "designating Party"), whether in response to a discovery request, subpoena or otherwise, to any other person or entity (the "Receiving Party") regardless of whether the person or entity producing or receiving the "Confidential Information," "Highly Confidential–Attorney's Eyes Only Information," and/or "Export Controlled Information" is a Party to this litigation.  This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Protective Order does not automatically authorize the filing under seal of material designated under this Protective Order.  Instead, the Parties must comply with L.R. 79-5.1 if they seek to file anything under seal.  This Protective Order does not govern the use at trial of material designated under this Protective Order.

2.    <u>Definitions.</u>

2.1.    <u>Confidential Information</u>.  "Confidential Information" shall mean and include, without limitation, any information that concerns or relates to private, confidential and proprietary information, including but not limited to personally identifiable information; confidential medical or employment information; trade secrets; non-public commercial, financial, pricing, budgeting and/or accounting information; non-public information about existing and potential

-3-

customers; marketing studies, performance and projections; formulas, including their development and design; non-public business strategies, decisions and/or negotiations; personnel compensation, evaluations and other employment information; and confidential proprietary information about affiliates, parents, subsidiaries and third-parties with whom the Parties to this action have or have had business relationships.  A protective order is warranted, and there is good cause for such treatment for these categories of information because such information derives value from not being publicly known, and public disclosure of such information would lead to serious and unwarranted injury.

2.2    Highly Confidential–Attorneys' Eyes Only Information.
"Highly Confidential–Attorneys' Eyes Only Information" shall mean extremely sensitive "Confidential Information" concerning business trade secrets or business sensitive materials, disclosure of which to another Party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.3    Export Controlled Information.  "Export Controlled Information" shall mean information that is subject to the requirements of the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730, *et seq.*, and/or the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§ 120, *et seq.*  Such information may be contained in documents that the Parties furnish in this case related to dual use commodities, technology, or software, or defense articles.  A protective order is warranted, and there is good cause for special treatment of these categories of information because federal law subjects such information to specific rules related to designation, use, access, and disclosure, and imposes civil and criminal penalties for violations.

2.4.    Documents.  As used herein, the term "documents" includes all writings, records, files, drawings, graphs, charts, photographs, e-mails, video tapes, audio tapes, compact discs, electronically stored information, electronic messages,

-4-

other data compilations from which information can be obtained and other tangible things subject to production under the Federal Rules of Civil Procedure.

        3.   <u>Initial Designation.</u>

        3.1.   <u>Good Faith Claims</u>.  Claims of confidentiality or export controlled status will be made only with respect to documents, other tangible things, electronically stored information, and information that the asserting Party has a good faith belief are within the definitions set forth in subparagraphs 2.1, 2.2 and 2.3 of this Protective Order.  Objections to such claims made pursuant to paragraph 5 shall also be made only in good faith.

        Any party or non-party who designates information or items for protection under this Order must only designate specific material that qualifies under the defined standards.  To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited.  Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court striking all confidentiality designations made by that designator.  Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm or would violate requirements of the EAR and/or ITAR.  Material may not be designated if it has been made public, or if the designation is otherwise unnecessary to protect a secrecy interest.  If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

        3.2.   <u>Produced Documents</u>.  A Party producing documents that it believes constitute or contain Confidential Information, Highly Confidential– Attorneys' Eyes Only Information or Export Controlled Information shall produce

-5-

copies bearing a label that contains or includes language substantially identical to the following:

> CONFIDENTIAL: Subject to Protective Order in Case No. 8:17-cv-00296 in the District Court for the Central District of California

or

> HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY: Subject to Protective Order in Case No. 8:17-cv-00296 in the District Court for the Central District of California

or

> EXPORT CONTROLLED INFORMATION: Subject to Protective Order in Case No. 8:17-cv-00296 in the District Court for the Central District of California

or

> CONFIDENTIAL AND EXPORT CONTROLLED INFORMATION: Subject to Protective Order in Case No. 8:17-cv-00296 in the District Court for the Central District of California

or

> HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY AND EXPORT CONTROLLED INFORMATION: Subject to Protective Order in Case No. 8:17-cv-00296 in the District Court for the Central District of California

The label shall be affixed in a manner that does not obliterate or obscure the contents of the copies. If any person or Party makes copies of documents designated as containing Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information, the copying person or Party shall mark each such copy as containing Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information in the same form as the notice on the original document.

A Party producing documents that are stored on electronic, magnetic, optical or other non-paper media, such as compact discs, DVD's, video tapes and audio tapes (collectively, "data storage devices") shall designate the data storage device as containing Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information, by affixing a label or stamp to the data storage device in the manner described above at the time copies of such data storage devices are produced. If the receiving Party or other persons or entities to whom disclosure is authorized pursuant to subparagraphs 7.1 and 8.1 make a copy of any data storage device designated by the producing Party as containing Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information, the receiving Party or other authorized person shall mark each such copy as containing Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information in the same form as the notice on the original data storage device produced. If the receiving Party or other authorized person prints out or otherwise makes copies of the documents or information stored on such data storage device, the receiving Party or other authorized person shall mark each page so copied with the label or stamp specified in subparagraph 3.2.

The Parties have a responsibility to ensure that Export Controlled Information in their possession, custody or control is not made public. To prevent public disclosure of Export Controlled Information, the Parties agree to follow the procedure outlined in this paragraph before any document is "exported," as that term is described in 15 C.F.R. § 730.5(c) or 22 C.F.R. § 120.17, or otherwise made public. Counsel hereby certifies that they and their personnel who receive Export Controlled Information are and will be U.S. Persons as defined by U.S. export control laws and regulations (hereafter "U.S. Persons"), that they will store all Export Controlled Information in a manner such that access is restricted only to U.S. Persons, and that no Export Controlled Information will be physically transported outside U.S. territory. Before furnishing any document (including any

written discovery, and any deposition transcript) to a non-U.S. Person, including by publicly filing the document with the Court, counsel shall determine whether the document bears a label indicating that such document contains Export Controlled Information.  Counsel may seek assistance from counsel for Plaintiff regarding Export Control designations, in which case counsel for Plaintiff shall provide the requested determination within ten (10) business days, or as soon as reasonably possible under the circumstances.  If a particular document is determined to contain Export Controlled Information, counsel for the Parties shall take all steps necessary to ensure that the document or information is used and accessed in accordance with the EAR, 15 C.F.R. §§ 730, *et seq.*, and/or ITAR, 22 C.F.R. §§ 120, *et seq.*, and disclosed only to U.S. Persons or as otherwise permitted under U.S. law.

    3.3.    <u>Interrogatory Answers</u>.  If a Party answering an interrogatory believes that its answer contains Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information, it shall set forth that answer in a separate document that is produced and designated as Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information in the same manner as a produced document under subparagraph 3.2.  The answers to interrogatories should make reference to the separately-produced document containing the answer, but such document should not be attached to the interrogatories.

    3.4.    <u>Deposition Transcripts</u>.  No person except those permitted access to Confidential, Highly Confidential–Attorneys' Eyes Only and/or Export Controlled Information by this Order can attend depositions when Confidential, Highly Confidential–Attorneys' Eyes Only and/or Export Controlled Information is, respectively, disclosed, and the parties shall give advance notice to one another if they expect a deposition to include such material.  The use of a document as an exhibit in deposition shall not affect its designation.  If portions of the deposition testimony are designated as subject to some level of protection under this Order,

they should be so designated at the time of the deposition itself, or by letter to the Court reporter and opposing counsel within 21 days of the date of the deposition. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and shall contain a list of all pages (and line numbers if appropriate) that have been designated under this Order and the level of protection being asserted. Until that 21 day period has elapsed, any transcript prepared of the deposition shall be considered as Highly Confidential–Attorneys' Eyes Only and Export Controlled Information. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

       3.5.   Multipage Documents. A Party may designate all pages of an integrated, multipage document, including a deposition transcript and interrogatory answers, as Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information by placing the label specified in subparagraph 3.2 on the first page of the document. If a Party wishes to designate only certain portions of an integrated, multipage document as Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information, it should designate such portions immediately below the label on the first page of the document and place the applicable labels specified in subparagraph 3.2 on each page of the document containing Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information.

       4.   Designations by Another Party.

       4.1.   Notification of Designation. If a Party other than the producing Party believes that a producing Party has produced a document that contains or constitutes Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information of the non-producing Party, the non-producing Party may designate the document as Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information by so notifying all Parties in writing within 120 days of service of the document.

4.2.  <u>Return of Documents</u>.  Whenever a Party other than the producing Party designates a document produced by a producing Party as Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information in accordance with subparagraph 4.1, each Party receiving the document shall either add the Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information designation in accordance with subparagraph 3.2 or substitute a copy of the document bearing such designation for each copy of the document produced by the producing Party.  Each Party shall destroy all undesignated copies of the document or return those copies to the producing Party, at the direction of the producing Party.

4.3.  <u>Nondisclosure</u>.  No Party shall disclose a produced document to any person, other than the persons authorized to receive Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information under subparagraphs 7.1 and 8.1, until after the expiration of the 120 day designation period specified in subparagraph 4.1.  If during the 120 day designation period a Party discloses an undesignated document to a person authorized to receive Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information under subparagraphs 7.1, 7.2 and 8.1, and that document is subsequently designated as Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information in accordance with subparagraph 4.1, the disclosing Party shall cause all copies of the document to be destroyed or returned to the producing Party, at the direction of the producing Party.  The Party may thereafter disclose a copy of the document that has been marked as Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information by the designating Party, in accordance with subparagraphs 3.2, 7.1, 7.2 and 8.1.

5.  <u>Objections to Designations</u>.  All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

6.    <u>Custody</u>. All Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving Party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraphs 7.1,7.2 and 8.1.

7.    <u>Handling of Confidential Information Prior to Trial</u>.

7.1.    <u>Authorized Disclosures of Confidential Information</u>. Confidential Information shall be disclosed by the receiving Party only to the following persons:

a.    Counsel for the Parties in this litigation, including their associates, clerks, paralegals, and secretarial personnel;

b.    Qualified persons taking testimony in this litigation involving such Confidential Information, and necessary stenographic, videotape and clerical personnel;

c.    Actual and potential deposition and trial witnesses in this Action;

d.    Experts and their staff who are consulted by counsel for a Party in this litigation;

e.    Parties to this litigation, limited to the named Party and, if that Party is a corporate entity, a limited number of employees of the corporate entity and its insurers;

f.    Designated in-house counsel and a limited number of assistants, administrative or otherwise;

g.    Outside vendors employed by counsel for copying, scanning and general handling of documents; and

h.    The Court hearing this litigation and the Court's staff, subject to the Court's processes for filing materials under seal.

Such disclosures are authorized only to the extent necessary to investigate, prosecute, or defend the litigation. With respect to Export Controlled Information,

-11-

the persons in categories (a)-(h) must be U.S. Persons or otherwise permitted access to such information under U.S. law.

7.2. <u>Authorized Disclosures of Highly Confidential–Attorneys' Eyes Only Information</u>. Highly Confidential–Attorneys' Eyes Only Information shall be disclosed by the receiving Party only to the following persons:

a. The receiving Party's in-house counsel and outside counsel of record in this action, as well as employees of said in-house counsel and outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

b. Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) for whom the Receiving Party confirms in writing to the designating Party the following: "I, counsel for [name of Receiving Party] hereby confirm: (a) that I will be disclosing information or items designated Highly Confidential – Attorney's Eyes Only Information to an expert retained by my office; (b) that the general categories of such information or items to be disclosed are [insert description]; (c) that I deem in good faith that disclosure of such information or items is reasonably necessary for this litigation; (d) that I have and will retain in my possession a document or documents containing the expert's full name, address, resume, and name of current employer; (e) that before disclosing such information or items to this expert I provided the expert with a general description of such information or items and the expert assured me that receipt of such information or items would not create any conflicts of interest for the expert with any other persons or entities for whom the expert has provided services; and (f) the expert has been provided with a copy of this Protective Order and has signed the attached Declaration of agreement to be bound";

-12-

c.  The court and its personnel;

d.  Court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

e.  The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

Such disclosures are authorized only to the extent necessary to investigate, prosecute, or defend the litigation. With respect to Export Controlled Information, the persons in categories (a)-(e) must be U.S. Persons or otherwise permitted access to such information under U.S. law.

7.3 <u>Acknowledgement of Protective Order</u>. Confidential Information may not be disclosed to persons under subparagraphs 7.1(c), 7.1(d), and 7.1(e), and Highly Confidential–Attorneys' Eyes Only Information may not be  disclosed to persons under subparagraphs 7.2(a), 7.2(b), and 7.2(d), until the receiving Party has obtained a written acknowledgment from the person receiving Confidential or Highly Confidential–Attorneys' Eyes Only Information, in the form attached hereto as Appendix A, that he or she has received a copy of this Order and has agreed to be bound by it. A Party who discloses Confidential Information in accordance with subparagraphs 7.1(c),7.1(d), and 7.1(e) or Highly Confidential–Attorneys' Eyes Only Information in accordance with subparagraphs 7.2(a), 7.2(b), and 7.2(d), shall retain the written acknowledgment from each person receiving Confidential or Highly Confidential–Attorneys' Eyes Only Information, shall maintain a list of all persons to whom a receiving Party has disclosed Confidential or Highly Confidential–Attorneys' Eyes Only Information, and shall furnish the written acknowledgements and disclosure list to the Court for in camera review upon its request or order. Furnishing the written acknowledgements and disclosure list to

the Court shall not constitute a waiver of the attorney work product or attorney-client privilege.

7.4.   Disclosure to Competitors.  Before disclosing Confidential Information or Highly Confidential–Attorneys' Eyes Only Information to any authorized person who is receiving or within the previous five years has received compensation from a competitor of the designating Party, the Party wishing to make such disclosure shall give at least 14 days' notice in writing to the designating Party, stating the name and address of the competitor, and identifying with particularity the documents to be disclosed.  If, within the 14 day period, a motion is filed objecting to the proposed disclosure, disclosure is not authorized unless and until the Court orders otherwise.  For purposes of this Protective Order, "competitor" is defined as any person or entity that designs, manufactures, assembles or supplies products for aerial refueling systems or aircraft fuel systems ("competitive products") or components of competitive products.

7.5.   Unauthorized Disclosures.  All persons receiving Confidential or Highly Confidential–Attorneys' Eyes Only Information under the terms of this Order agree to the jurisdiction of this Court for all matters arising from the improper disclosure or use of such Confidential or Highly Confidential–Attorneys' Eyes Only Information.  If Confidential or Highly Confidential–Attorneys' Eyes Only Information is disclosed to any person other than in the manner authorized by this Protective Order, the Party or person responsible for the disclosure, and any other Party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating Party. Without prejudice to other rights and remedies of the designating Party, the responsible Party or person shall make every effort to obtain the return of the Confidential or Highly Confidential–Attorneys' Eyes Only Information and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

-14-

7.6.   <u>Court Filings</u>.  Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material.  A party seeking to file under seal any designated material must comply with L.R. 79-5.1-5.3.  Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue.  The fact that a document has been designated under this Protective Order is insufficient to justify filing under seal.  Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filings is essential. If a receiving party's request to file designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the receiving party *may file the material in the public record* unless (1) *the designator* seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

8.     <u>Handling of Export Controlled Information Prior to Trial</u>

8.1.   The Parties have a responsibility to ensure that Export Controlled Information in their possession, custody or control is used in accordance with the EAR, 15 C.F.R. §§ 730, *et seq.*, and/or ITAR, 22 C.F.R. §§ 120, *et seq.*  To prevent unauthorized use of Export Controlled Information, the parties agree to follow the procedure outlined in this paragraph.

i.     Export Controlled Information disclosed in this action will be used only for the purposes of this action.

ii.    Counsel or another individuals authorized to receive Export Controlled Information will not disclose, export, or transfer, in any manner, Export Controlled Information to any foreign person except as permitted by U.S. law, and will not transport any such document outside of U.S. territory, without prior written approval of the Bureau of Industry and Security, the United States Department of State, or other appropriate U.S. government department or agency, except as permitted by U.S. law.

-15-

iii.     Before disclosing any Export Controlled Information to any person, counsel shall require such third person to execute a non-disclosure agreement in the form attached hereto as Appendix A.

iv.     The Parties will file an application to file under seal all documents that contain Export Controlled Information.

8.2.     <u>Access to Export Controlled Information</u>.  The Parties and the Court have a responsibility to ensure that access to Export Controlled Information in their possession, custody or control is restricted to authorized persons in accordance with the EAR, 15 C.F.R. §§ 730, *et seq.*, and/or ITAR, 22 C.F.R. §§ 120, *et seq.*  To prevent unauthorized access of Export Controlled Information, the Parties agree to follow the procedure outlined in this paragraph.

i.     All documents containing Export Controlled Information shall be placed in a secure file or room with access limited to those persons identified in subparagraphs 7.1 and 7.2 of this Protective Order who are U.S. Persons.

ii.     If documents containing Export Controlled Information are scanned and stored in a computer, access to such electronic files shall be limited to those persons identified in subparagraphs 7.1 and 7.2 of this Protective Order who are U.S. Persons.

iii.     In the event that counsel or another individual authorized to receive Export Controlled Information anticipates that Export Controlled Information will be disclosed to the Court, including at any hearing or at trial, the Parties agree to confer and, if necessary, to discuss with the Court the proper safeguards to avoid an export violation.

9.     <u>Care in Storage</u>.  Any person in possession of Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information produced by another Party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of the Confidential, Highly Confidential–

-16-

Attorneys' Eyes Only or Export Controlled Information to ensure that the
confidential and sensitive nature of same is maintained.

10.　No Implied Waivers.  The entry of this Protective Order shall not be
interpreted as a waiver of the right to object, under applicable law, to the furnishing
of information in response to discovery requests or to object to a requested
inspection of documents or facilities.  Parties producing Confidential, Highly
Confidential–Attorneys' Eyes Only or Export Controlled Information in this
litigation are doing so only pursuant to the terms of this Order.  Neither the
agreement to, or the taking of any action in accordance with the provisions of this
Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of
any claim or position or defense in this action, or any other actions.

11.　No Admission.  Neither this Order nor the designation of any item as
Confidential Information, Highly Confidential–Attorneys' Eyes Only Information
or Export Controlled Information shall be construed as an admission that such
material, or any testimony concerning such material, would be admissible in
evidence in this litigation or in any other proceeding.

12.　Inadvertent Failure to Designate as Confidential, Highly Confidential–
Attorneys' Eyes Only or Export Controlled.  The inadvertent and/or unintentional
failure to designate any information as Confidential, Highly Confidential–
Attorneys' Eyes Only or Export Controlled in accordance with this Protective Order
shall not be deemed a waiver in whole, or in part, of a Party's claim of
confidentiality or status as export controlled.  In the event of the disclosure of such
information, the information shall be designated as Confidential, Highly
Confidential–Attorneys' Eyes Only or Export Controlled Information by the Party
as soon as reasonably possible after the Party becomes aware of the disclosure and
such information shall thereafter be treated as Confidential, Highly Confidential–
Attorneys' Eyes Only or Export Controlled Information subject to this Protective
Order.

-17-

13.     Inadvertent Disclosure of Privileged Documents or Information. When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

14.     Parties' Own Documents.  This Protective Order shall in no way restrict the Parties in their use of their own documents and information, and nothing in this Order shall preclude any Party from voluntarily disclosing its own documents or information, provided, however, that a voluntary public disclosure by the designating Party shall, unless such disclosure was inadvertent, remove any confidentiality restrictions thereafter for the Receiving Party.

15.     Motion to Compel Production of Confidential, Highly Confidential–Attorneys' Eyes Only, or Export Controlled Information.  If any third-party serves a Party to this action with a subpoena to produce any Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information, such Party shall object to the subpoena as required by this Protective Order and shall immediately notify the Parties who originally produced and/or designated such Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information that a subpoena has been served in order to allow the Parties who originally produced and/or designated such Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information the opportunity to oppose any subsequent motion to compel.  In addition, if a Party is ordered to produce Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information covered by this Protective Order, notice and, if available, a copy of the order compelling disclosure shall immediately be given the Parties who originally produced and/or designated such Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information.  Nothing in this Agreed Confidentiality and Protective Order shall be construed as requiring the Party who is ordered to produce such Confidential, Highly Confidential–Attorneys' Eyes Only

-18-

or Export Controlled Information to challenge or appeal any order requiring the production of such Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information or to subject himself/herself to any penalty for non-compliance with any legal process or seek any relief from the Court.

16.   <u>No Effect on Other Rights</u>.  This Order shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any Party with respect to Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information.

17.   <u>Modification</u>.  In the event any Party hereto seeks a Court order to modify the terms of this Order, said Party shall make such request by written stipulation or noticed motion to all Parties that must be served and filed in accordance with local court rules.

18.   <u>Binding upon Execution</u>. The Parties agree that this Protective Order shall be binding upon execution by the Parties and shall be effective between them even in the event that the Court declines to enter the Protective Order.

19.   <u>Handling upon Conclusion of Litigation</u>.  All Parties, counsel, and persons to whom disclosure was made are ordered to return all Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information to the designating Party within 90 days of the conclusion of litigation.  In addition, counsel shall certify in writing that all such Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information has been returned.  Counsel for each Party also shall contact each person to whom that Party has provided a copy of any Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information and request the documents be returned.  In lieu of returning Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information, the person or Party in possession of such Confidential, Highly Confidential–Attorneys' Eyes Only or Export Controlled Information may elect to destroy it.  If the person or Party in possession of Confidential, Highly

-19-

1  Confidential–Attorneys' Eyes Only or Export Controlled Information elects to
2  destroy it rather than return it, that person or Party must notify the designating Party
3  in writing of the destruction of the Confidential, Highly Confidential–Attorneys'
4  Eyes Only or Export Controlled Information within 90 days of the conclusion of
5  litigation.
6
7  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD
8
9  Dated: _____, 2017          Dated: _____, 2017
10
11  _____     _____
12  Christopher M. Ledford                 David B. Simpson
    Cal. Bar No. 255902                    Cal. Bar No. 106326
13  CLedford@perkinscoie.com               dave@wolfsim.com
    PERKINS COIE LLP                       Adam N. Bouayad
14  1201 Third Avenue, Suite 4900          Cal. Bar No. 248087
15  Seattle, WA 98101-3099                 adam@wolfsim.com
    Telephone: 206.359.8000                WOLFLICK & SIMPSON
16  Facsimile: 206.359.9000                130 North Brand Boulevard
17                                         Suite 410
    Marlena M. Moore                       Glendale, CA 91203
18  Cal. Bar No. 301544                    Telephone: 818-243-8300
19  MMoore@perkinscoie.com                 Facsimile: 243-0122
    PERKINS COIE LLP
20  1888 Century Park East, Suite 1700
21  Los Angeles, CA 90067                  Attorneys for Defendant
                                           Desai-Aire, Inc., dba Able Aerospace
22  Telephone: 310.788.9900                Adhesives
    Facsimile: 310.788.3399
23
24  Attorneys for Plaintiff
    The Boeing Company
25
26
27
28

-20-

Dated: _____, 2017


_____
Stefanie G. Field
Cal. Bar No. 181646
Stefanie.Field@greshamsavage.com
GRESHAM, SAVAGE. NOLAN &
TILDEN, LLP
3403 Tenth Street, Suite 700
Riverside, CA 92501
Telephone: (951) 684-2171
Facsimile: (951) 685-2750

Attorneys for Defendant Private Brand
Manufacturing, LLC



FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: October 16, 2017

_____
HON. KAREN E. SCOTT

United States Magistrate Judge

APPENDIX A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOEING COMPANY,<br><br>           Plaintiff,<br><br>    v.<br><br>DESAI-AIRE, INC., dba ABLE AEROSPACE ADHESIVES, ALFAKLEEN CHEMICAL LABS, INC., PRIVATE BRAND MANUFACTURING, LLC, and DOES 2-10,<br><br>           Defendants. | Case No. 8:17-cv-00296<br><br>**DECLARATION OF _____ REGARDING AGREED CONFIDENTIALITY PROTECTIVE ORDER** |

I, _____, declare that:

1.    My address is _____

_____

_____

_____

2.    My present employer is _____.

3.    I have received a copy of the Protective Order entered in this litigation.

-22-

4. I have carefully read and understand the provisions of the Protective Order. I agree to comply with all of the provisions of the Protective Order and not to reveal or otherwise communicate to anyone any of the documents, materials or information that is designated "Confidential Information," "Highly Confidential–Attorneys' Eyes Only Information" or "Export Controlled Information" and that is disclosed to me, except in accordance with the terms of said Protective Order. I further agree not to make use of any documents, information or materials designated as Confidential Information or Highly Confidential–Attorneys' Eyes Only Information pursuant to the Protective Order other than for the purpose of this litigation.

5. I will hold in confidence and not disclose to anyone, other than the persons entitled to receive such information under paragraphs 7.1 or 7.2 of the Protective Order entered in this litigation, all documents, information and other materials designated as Confidential or Highly Confidential–Attorneys' Eyes Only Information (including summaries, notes, abstracts, indices or copies of such Confidential or Highly Confidential–Attorneys' Eyes Only Information) that is disclosed to me.

6. If the Discovery Material I am to receive includes material designated "Export Controlled Information," I confirm I am a U.S. person, as that term is set forth in 22 C.F.R. § 120.15, and that I will not knowingly disclose, export, or transfer, in any manner, such Export Controlled Information to any non-U.S. Person, and will not transport or cause to be transported any such Export Controlled Information outside the territory of the United States, without prior written approval of the Bureau of Industry and Security, United States Department of State, or other appropriate U.S. government department or agency.

7. I also agree to destroy or return to counsel of record not later than ninety (90) days after the termination of this litigation all Confidential, Highly Confidential–Attorneys' Eyes Only and/or Export Controlled Information and summaries, notes,

abstracts, indices or copies of such Confidential or Highly Confidential–Attorneys'
Eyes Only Information, which come into my possession, and documents or things
which I have prepared relating thereto.

8.      I hereby expressly submit to the jurisdiction of the United States District
Court for the Central District of California for the purpose of enforcing the
Protective Order, including any contempt of court proceeding.

        I declare under penalty of perjury that the foregoing is true and correct.

Dated _____, 20___

_____
(signature)

_____
Printed Name